The court below and the counsel for the plaintiff upon the argument before us have as it seems to me misconceived the extent and nature of the decisions of this court in the Rumsey andAldridge cases (114 N.Y. 423, and 135 id. 83). While concurring in the views set forth in the very satisfactory opinion of Judge O'BRIEN, I only desire to say a word specially regarding those two cases. The point therein decided was that the ancestors or grantors of the individual parties to those actions had not by their grants to the railroad company of the strips of land under water or along the line of and below and above high-water mark, deprived themselves of or clothed the railroad company with the character of riparian owners. We accordingly held that these individual parties could in their character of riparian owners still take title to lands under water which were adjacent to their upland, and the intervention of the railroad embankment did not form an obstacle. We did not decide that the *Page 91 
railroad company, under the provisions of sections 25 and 49 of the General Railroad Act of 1850, could not take a grant of the title of the state for the purposes of the road from the commissioners of the land office covering land under water upon such terms as they might agree to. In both of the cases there was a grant to the individuals of land under water and they claimed title under their patents from the state. In the Rumsey case the defendant had no pretense of title and relied upon the defense that the plaintiffs were not riparian owners, and, therefore, obtained no title by virtue of the patent from the land commissioners. In the Aldridge case the defendant had a patent which was attacked as not carrying any title because it was asserted the defendant was not a riparian owner and could take no title by such patent to the lands under water. Although the plaintiff in the Aldridge case had a patent it was subsequent to the one granted to defendant. In both cases the patents to the individuals were held good because the patentees were, notwithstanding the grants to the railroad company, held to have continued to be upland proprietors within the meaning of the statute. In the case at bar the plaintiffs have no patent from the state granting to them the title to any lands under water, and they never had any title to such lands and have none now. They simply have those rights as riparian owners which Judge O'BRIEN has described, while the defendant has obtained the title of the state to the lands under a patent good by reason of the provisions of the Railroad Act of 1850.
All concur.
Judgment accordingly. *Page 92